IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVONTAE BELL,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, and OMAHA POLICE DEPARTMENT,<br><br>Defendants. | **8:26CV391**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint, Filing No. 1, on August 3, 2026, while he was in custody at the Douglas County Department of Corrections. On August 25, 2026, the Court gave Plaintiff leave to proceed in forma pauperis and directed him to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1), which Plaintiff did on September 2, 2026. *See* Filing No. 8; Docket Sheet. On October 16, 2026, Plaintiff filed a change of address indicating that he was no longer incarcerated, Filing No. 10, and the Court directed Plaintiff to either file a new application to proceed in forma pauperis or pay the Court's $405.00 filing and administrative fees, Filing No. 11. Plaintiff paid the full filing fee on October 26, 2026. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A.[1]

[1] Though Plaintiff has been released from custody and has paid the full filing fee, his Complaint remains subject to preliminary screening pursuant to 28 U.S.C. § 1915A as he was a "prisoner" within the meaning of that statute at the time he filed his Complaint. *Jackson v. Ward Cnty. Offs.*, No. 4:12-CV-017, 2012 WL 3135376, at *2 (D.N.D. Mar. 27, 2012), *report and recommendation adopted sub nom. Jackson v. Thompson*, No. 4:12-CV-017, 2012 WL 3135409 (D.N.D. Aug. 1, 2012); *see also Johnson v. Hill*, 965 F.Supp. 1487, 1488 n.2 (E.D.Va.1997) ("[T]he court finds that it must still conduct a section 1915A screening, for two reasons. First, plaintiff was a prisoner at the time he filed this action. Second, the suit was brought by plaintiff in his capacity as a prisoner; that is, it advances his concerns about alleged misconduct by prison officials and injuries received at the hands of another inmate."); *cf. Kane v. Lancaster Cnty. Dep't of Corr.*, 960 F. Supp. 219, 221 (D. Neb. 1997) ("Since Kane was not a prisoner when he sued, this court is not authorized to engage in the screening contemplated by 28 U.S.C. § 1915A(a) & (b).").

## I. SUMMARY OF COMPLAINT

Plaintiff names the State of Nebraska and Omaha Police Department as defendants in the caption of his Complaint. Filing No. 1 at 1. Plaintiff alleges he is pursuing claims for false imprisonment, defamation of character, cruel and unusual punishment, malicious prosecution, excessively high bail, discrimination, failure to investigate, and failure to "honor speedy preliminary law U.S.C. 18 5.1 section c." *Id*. Plaintiff's claims arise out of his May 19, 2026, arrest pursuant to a warrant based on a false report by "Yakarianna," the mother of Plaintiff's daughter. Liberally construed, Plaintiff alleges the following in support of his claims.

Yakarianna falsely reported to police that Plaintiff gave her a black eye on May 5 and threatened her over text on May 7. Yakarianna called the police on May 7, 2026, shortly after Plaintiff told her via text message that she could not keep their daughter for Mother's Day weekend during his "legally binded [sic] parenting time." *Id*. at 2. Plaintiff denies he gave Yakarianna a black eye and alleges that she suffered the injury weeks before and her injury "was almost healed" when he saw her on May 5, which "any reasonable investigator would have obviously been able to see [the] black eye was old." *Id*. Plaintiff further alleges:

> The investigator did not ever investigate me, check Yakarianna's phone to confirm what number the threat came from, did not ask to, or attempt to[,] check my phone, which I would have happily provided to confirm I never delete[d] any messages, nor did eve[r] send a death threat message to Yakarianna, or anybody else.

*Id*. at 4. Plaintiff also states the prosecution refused to acknowledge a text Yakarianna sent over a week prior to May 5, in which "she admitted to [Plaintiff] she intended to get

[him] arrested . . . [because] she was upset when she found out [Plaintiff] had the security footage[ of] when she left [Plaintiff's] daughter on the porch April 20th, 2026 and . . . [Plaintiff] intended to press charges." *Id*. at 3.

Liberally construed, Plaintiff seeks to hold the investigator on the case, the judge or judges that set his excessively high bond and found probable cause at his preliminary hearing to bind his case over to state district court, and the prosecutor "accountable" for arresting him when there is overwhelming proof of his innocence and causing Plaintiff pain and suffering, mental distress, and loss of his employment. *Id*. at 5; *see also id*. at 1.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

For the reasons that follow, the Court finds that the Complaint fails to state a plausible claim for relief against the named defendants and is subject to dismissal. However, the Court will give Plaintiff leave to file an amended complaint alleging plausible constitutional claims against specific named defendants.

### A. State of Nebraska

Plaintiff names the State of Nebraska as a defendant, and, liberally construed, he appears to seek monetary damages for his loss of employment income. However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See,*

*e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is no indication that Nebraska waived or Congress overrode immunity here. In any case, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and Plaintiff's § 1983 claims against the State of Nebraska must be dismissed. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431–32 (8th Cir.1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment).

**B. Omaha Police Department**

Plaintiff also names the Omaha Police Department as a defendant, but "it is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cnty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also* *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such. . . . [t]hey are simply departments or subdivisions of the City government"); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department

because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law). Thus, Plaintiff's § 1983 claims cannot proceed against the Omaha Police Department and must be dismissed.

**C. Leave to Amend**

Plaintiff's Complaint cannot proceed against the only two named defendants, but, liberally construed, Plaintiff appears to also seek relief against the unidentified investigator, judge(s), and prosecutor involved in his state court criminal proceedings. "'[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Plaintiff's allegations regarding the unnamed investigator, judge(s), and prosecutor are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. *See id*. However, the Court will give Plaintiff leave to amend his Complaint to identify by name the individuals he seeks to hold accountable for allegedly violating his constitutional rights. If Plaintiff chooses to amend his Complaint, he should be mindful of the following standards applicable to the claims he apparently seeks to raise.

***1. Malicious Prosecution***

The Court primarily reads Plaintiff's Complaint as asserting a claim of malicious prosecution in violation of his Fourth Amendment rights under 42 U.S.C. § 1983. As indicated above, to state a claim under § 1983, a plaintiff must allege a violation of rights

protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Torres v. City of St. Louis*, 39 F.4th 494, 504 (8th Cir. 2022) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). "Liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed." *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006)).

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Supreme Court has held that malicious prosecution is actionable under the Fourth Amendment. *Thompson v. Clark*, 596 U.S. 36, 42 (2022). To state a claim of malicious prosecution under the Fourth Amendment, "[a] plaintiff must show that (1) the criminal proceeding was instituted without probable cause, (2) the defendant's motive in instituting the proceeding was malicious, and (3) the prosecution terminated in acquittal or discharge of the accused." *Klein v. Steinkamp*, 44 F.4th 1111, 1115 (8th Cir. 2022) (citing *Thompson*, 596 U.S. at 44). "[T]he gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause." *Thompson*, 596 U.S. at 43.

***2. Excessive Bail***

Plaintiff also appears to claim that the unnamed judge violated his rights by setting excessively high bail. The judge, however, would be protected by absolute immunity from

suit for claims arising out of the judge's performance of judicial duties. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted). "Setting conditions of bail is a routine judicial function," *Jody Shaquille Bady, Plaintiff, v. Kyle Hinrichs, Jason Van Horn, Nathan Boll, John Irby, & Sarah Larson, Defendants*, No. 3:24-CV-204, 2025 WL 5290890, at *7 (D.N.D. Nov. 24, 2025), *report and recommendation adopted sub nom*. *Bady v. Hinrichs*, No. 3:24-CV-204, 2026 WL 2823521 (D.N.D. Jan. 7, 2026), and Plaintiff's Complaint does not allege any facts suggesting that the judge acted in the absence of subject matter jurisdiction over Plaintiff's state criminal case. Thus, any claim for excessive bail Plaintiff might seek to raise against the unnamed state court judge would be barred by absolute immunity.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the only named defendants, the State of Nebraska and the Omaha Police Department, and is subject to dismissal pursuant to 28 U.S.C. § 1915A. On the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states plausible malicious prosecution and/or other constitutional claims against specific named defendants. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his current Complaint and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him. Plaintiff is warned that

any amended complaint he files will supersede, not supplement, his prior pleading. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **December 7, 2026**, to file an amended complaint against specific defendants in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. **Plaintiff should be mindful to explain in his amended complaint what the defendant did to him, when the defendant did it, and how the defendant's actions harmed him.**

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

3. The Clerk's office is directed to send to Plaintiff the Form Pro Se 15 Complaint for Violation of Civil Rights (Non-Prisoner).

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **December 7, 2026**: check for amended complaint.

6. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 5th day of November, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge